IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ALLEN RAINWATER,

    Plaintiff,                    No. CIV S-11-0030 GGH P

    vs.

JOHN McGINNISS, Sheriff, et al.,

    Defendants.         ORDER

/

        Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff was housed in Sacramento County Main Jail (SCMJ) for several months as a civil detainee. Plaintiff alleges that nearly every aspect of his time at SCMJ was too restrictive and his rights were constantly violated as he was a civil detainee, not a prisoner. Plaintiff objects to cell searches, the color of his clothing, medical treatment, the lack of a private bathroom, procedures regarding his personal property, use of phones, insufficient bedding materials and similar issues.

        Plaintiff has filed the instant motion requesting the court to order defendant to preserve video surveillance footage from SCMJ, from January 5, 2010 to February 18, 2010, July 22, 2010 to August 5, 2010, and from September 2, 2010 to November 18, 2010. Plaintiff does not specify what he wants preserved, but it appears to be any and all footage from this

approximately four and a half month period that contains plaintiff.

Defendants indicate that video footage at the jail is only stored for thirteen months, so some of the footage plaintiff requests has already been destroyed.[1] With respect to the time periods where the footage has not been destroyed, plaintiff has failed to request any specific incidents to be preserved. Simply requesting a few months of footage that would require defendants to view video from numerous cameras and identify when plaintiff is in view is overly broad and burdensome and in light of the potential benefits to this litigation. Moreover, the gravamen of the dispute here will not center on factual disputes about the conditions of plaintiff's confinement, e.g., whether or not plaintiff had a private bathroom, which in all probability is undisputed, but will center upon whether the alleged conditions and policies as they exist are violative of the rights of a civil detainee. Although plaintiff's motion is one for preservation, and not production, the burden of preserving multiple video footage of such doubtful value is itself unduly burdensome.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (Doc. 17) is denied;

2. Plaintiff's motion (Doc. 14) (correcting names of defendants) is denied as unnecessary.

DATED: August 22, 2011

                                                     /s/ Gregory G. Hollows
                                             UNITED STATES MAGISTRATE JUDGE

GGH:AB
rain0030.ord2

---

[1] In another similar case between this plaintiff and these defendants, with the same allegations, the court denied plaintiff's motion for sanctions on the same issue regarding video footage. See Case No. 10-1727 GGH, Doc. 45.